Orium SPRUILL, Plaintiff,

v.

AMERICAN BRIDGE DIVISION OF UNITED STATES STEEL CORPORATION, and United States Steel Corporation, Defendants and Third-Party Plaintiffs,

v.

GEORGE CAMPBELL PAINTING CORPORATION, Third-Party Defendant.

No. 85 Civ. 4588 (RO).

United States District Court, S.D. New York.

Feb. 5, 1987.

Richard Kranis, New York City, for plaintiff Orium Spruill.

Glen J. Pogust, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendants and third-party plaintiffs.

Robert T. Sylvan, Garcia & Stallone, Melville, N.Y., for third-party defendant.

## MEMORANDUM

SHARON E. GRUBIN, United States Magistrate:

This case was referred to me by Judge Owen on November 20, 1986 for general pretrial purposes. At a conference held on December 15, 1986, plaintiff's counsel, Richard Kranis, was ordered to produce plaintiff for deposition on December 18 or December 22, both dates having been agreeable to plaintiff's counsel. The dates were specifically ordered because theretofore defendants' counsel had not been able to obtain plaintiff's counsel's agreement on any dates. Also at that time, a further and presumably final pretrial conference was scheduled for January 29, a date agreeable to all counsel's calendars, and I directed that discovery was to be completed by then. When defendants' counsel received no confirmation for either deposition date from Mr. Kranis by December 17, defendants' counsel called his office and was advised that the deposition would not proceed on December 18 but would go forward on December 22. On December 22, counsel for defendants, counsel for third-party defendant (having travelled to Manhattan from Long Island) and a court reporter appeared to proceed with the deposition, but neither plaintiff nor his counsel appeared. Upon calling plaintiff's counsel's office, they were told by his secretary that Mr. Kranis had left for a two-week vacation, that he had retained another attorney to represent plaintiff at the deposition but that her records showed the deposition had been adjourned by "someone" until February 9, 1987. Needless to say, neither counsel for the other parties nor the court had known of this apparently unilateral adjournment. Upon learning of these events, I scheduled a telephone conference for January 7, 1987, when Mr. Kranis was due to arrive back from vacation. During the telephone conference on January 7, Mr. Kranis stated that he had retained another attorney to represent plaintiff at the deposition but apparently that attorney could not make it on the scheduled day. I ordered that the deposition go forward on January 16, and I did not impose on Mr. Kranis other counsel's costs of attendance at the aborted deposition, although Mr. Kranis was warned that any further behavior of this nature on his part would result in the imposition of sanctions.

Late in the afternoon of January 28, 1987, Mr. Kranis' secretary called my chambers to say that Mr. Kranis was out of town and wished to adjourn the January 29 conference that had been scheduled at the December 15 conference. She stated that counsel for the defendants and counsel for the third-party defendant had consented to the request. I rescheduled the conference for 11:00 a.m. on February 4, and Mr. Kranis' secretary undertook to confirm with other counsel. On January 29, how-

ever, counsel for the third-party defendant appeared in chambers ready to proceed with the conference because Mr. Kranis' office had not confirmed the adjournment with him. Yesterday, February 4, counsel for the defendants and counsel for the third-party defendant appeared in chambers for the 11:00 a.m. conference. At 11:10 a.m. Mr. Kranis' secretary called and informed my secretary that Mr. Kranis was in court in Kings County and, although he had told the judge there that "he wanted to come" here first, the judge "would not let him." In any event, she said Mr. Kranis said the conference was not needed. Five to ten minutes later Mr. Kranis called and informed my secretary, in substance, the same. I held the conference with counsel for the defendants and third-party defendant. The conference was intended to be the final pretrial conference before me. Contrary to Mr. Kranis' conclusion, there were certain discovery problems involving plaintiff which needed resolution. I made certain rulings which will be issued in a separate written order.

Plaintiff's counsel's behavior, as set forth above, deserves the imposition of sanctions. He has wasted significant amounts of time for the other counsel in this case and for the court and has delayed the progress of this action. Accordingly, pursuant to Fed.R.Civ.P. 16(f), Mr. Kranis is hereby ordered to pay $250.00 to defendants and $250.00 to third-party defendant within 30 days hereof. These amounts are to be paid by him, and he is not to seek reimbursement from his client.